UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Matthew-Lane Hassell

    v.                                                 Case No. 25-cv-119-SE-AJ
                                                            Opinion No. 2026 DNH 016

Velocity Investments, LLC et al.

**O R D E R**

      Plaintiff Matthew Lane Hassell, proceeding pro se, brings suit alleging claims arising out of a collection action in New Hampshire state court in which the court entered judgment against him. He names as defendants in this case the plaintiff in that state court proceeding, Velocity Investments, LLC, the attorneys who represented the plaintiff, Niederman, Stanzel & Lindsey, PLLC (Niederman), and the presiding judge who entered judgment in that proceeding, Mark S. Derby.[1] Viewed generously, Hassell's complaint alleges that the defendants violated state and federal constitutional law and statutory law in connection with that proceeding. Hassell seeks damages and injunctive relief. The defendants separately move to dismiss (doc. nos. 5, 16, 17) under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Hassell objects to each motion. For the reasons that follow, the court grants the defendants' motions to dismiss.[2]

---

[1] The complaint appears to allege that Judge Derby did not preside over the entire state court action.

[2] Hassell moves to strike Derby's motion to dismiss for improper service. Doc. no. 21. Specifically, Derby served the motion through the court's electronic filing system, but Hassell is not a registered user of that system. Although it appears that Derby did not properly serve Hassell with a copy of his motion to dismiss and accompanying memorandum of law, Hassell does not argue that he suffered any prejudice from Derby's error. Hassell filed a timely and substantive objection to Derby's motion to dismiss (doc. no. 19) and a surreply to Derby's reply memorandum (doc. no. 27). Therefore, Hassell's motion to strike Derby's motion to dismiss and accompanying memorandum is denied. See, e.g., Engle v. Collins, No. 3:09-CV-451, 2012 WL 5342493, at *1-2 (S.D. Ohio Oct. 29, 2012) (denying motion to strike pleading because it was "an unnecessary sanction, given that no prejudice has been shown"), report and recommendation adopted, No. 3:09-CV-451, 2013 WL 866476 (S.D. Ohio Mar. 7, 2013).

Standard of Review

When a party challenges subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, "the party invoking the jurisdiction of a federal court"—here, Hassell—"carries the burden of proving its existence." Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (quotations omitted). "The pleading standard for satisfying the factual predicates for proving jurisdiction is the same as applies under Rule 12(b)(6)—that is, [Hassell] must state a claim to relief that is plausible on its face." Lab. Rel. Div. of Constr. Indus. of Mass., Inc. v. Healey, 844 F.3d 318, 326 (1st Cir. 2016) (quotations omitted).

To review the sufficiency of the claims under that standard, a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard "demands that a party do more than suggest in conclusory terms the existence of questions of fact about the elements of a claim." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 81 (1st Cir. 2013). The court must employ a two-step approach. First, it must identify and disregard statements that "merely offer 'legal conclusions couched as fact' or 'threadbare recitals of the elements of a cause of action.'" Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Iqbal, 556 U.S. at 678 (alterations omitted)). Second, the court must credit as true all nonconclusory factual allegations and the reasonable inferences drawn from those allegations. See id. Only then can the court determine whether the "combined allegations, taken as true, . . . state a plausible, not a merely conceivable, case for relief." Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010).

Likewise, to assess subject matter jurisdiction, the court takes as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences therefrom in the plaintiff's

2

favor. Fothergill v. United States, 566 F.3d 248, 251 (1st Cir. 2009). "If the well-pleaded facts, evaluated in that generous manner, do not support a finding of federal subject-matter jurisdiction," the court must dismiss the case. Id.

Background[3]

On March 29, 2023, Velocity instituted an action against Hassell in New Hampshire Circuit Court to collect $19,989.19. Velocity alleged that Hassell had taken out a loan from another company, failed to repay his debt in accordance with the terms of the loan agreement, and that the right to collect on the debt was subsequently assigned to Velocity. Hassell filed a counterclaim in that action, alleging, in part, that Velocity did not have appropriate evidence to prove that it owned the debt at issue.

On October 12, 2023, after the Circuit Court had issued a notice of default against Hassell for failure to file a timely answer and appearance, Velocity moved for final judgment on the grounds that Hassell had failed to respond properly to its complaint. Hassell filed a response to the motion. The Circuit Court nonetheless granted final judgment on February 13, 2024. On March 11, 2024, Judge Derby, who at that point was presiding over the case, denied what he construed to be a motion to reconsider the court's order granting final judgment and entered judgment for Velocity for $19,989.19, together with costs and pre-judgment interest. The Circuit

---

[3] These facts are taken from Hassell's complaint and documents filed in the underlying state court proceeding that is the subject of this lawsuit, which were attached to Velocity's motion to dismiss. See, e.g., Giragosian v. Ryan, 547 F.3d 59, 66 (1st Cir. 2008) (noting that a court may consider "matters of public record," including "documents from prior state court adjudications," in resolving a motion to dismiss).

Court subsequently issued writs of execution. Hassell did not appeal the judgment to the New Hampshire Supreme Court.

Hassell filed his complaint in this case on March 31, 2025. Although the complaint is difficult to follow, it is clear that Hassell is challenging the underlying state court proceeding that resulted in judgment against him and alleges several violations of his constitutional rights based on that proceeding. Doc. no. 1 at 10-15, 18-21. For example, he claims that Judge Derby violated his First Amendment rights when Judge Derby "denied his petition for redress of grievances (counterclaim)," doc. no. 1 at 10, and that being forced to participate in the underlying court proceeding, as well as the orders issued against him in that case, amounted to cruel and unusual punishment in violation of his Eighth Amendment rights, id. at 11. He further appears to allege that the defendants and court personnel conspired against him during the underlying state proceedings. Id. at 12. Hassell also asserts federal statutory claims against Velocity, such as a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. See id. at 25-27.

## Discussion

The defendants each move to dismiss the case for various reasons. All of them assert that the court cannot exercise jurisdiction over Hassell's claims because of the Rooker-Feldman doctrine.[4] Because the court must address a challenge to its subject matter jurisdiction before considering the merits of a case, the court begins by analyzing the defendants' arguments under the Rooker-Feldman doctrine and then considers some of the defendants' additional arguments

---

[4] See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

4

I.

Rooker-Feldman

Under the Rooker-Feldman doctrine, "'lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.'" Tyler v. Sup. Jud. Ct., 914 F.3d 47, 50 (1st Cir. 2019) (quoting Lance v. Dennis, 546 U.S. 459, 463 (2006)).

> The [Rooker-Feldman] doctrine prevents losing litigants "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights," as only the Supreme Court has jurisdiction to review the decision of a state court in civil litigation.

Efreom v. McKee, 46 F.4th 9, 17 (1st Cir. 2022) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 287 (2005)). Thus, if a plaintiff's claims "would necessarily invite the district court to review, reject, and reverse the state courts' rulings," the court does not have jurisdiction to hear those claims. Klimowicz v. Deutsche Bank Nat'l Tr. Co., 907 F.3d 61, 66 (1st Cir. 2018).

Hassell's complaint alleges claims arising out of the defendants' conduct in the underlying state court proceeding and seeks the reversal of Judge Derby's orders in that action. His complaint asks the court to "Vacate and VOID the previous State proceedings" and "give relief" from the judgment and the writ of execution issued by Judge Derby because of alleged constitutional violations. Doc. no. 1 at 35. As such, the Rooker-Feldman doctrine plainly applies to this case and deprives this court of subject matter jurisdiction. Hassell repeatedly argues that he is not challenging the underlying state court proceeding and so Rooker-Feldman does not apply. His allegations, requests for relief, and statements in his objections establish that he is, in

fact, doing so and that this case falls within the doctrine.[5] The court therefore grants the defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).[6]

In light of Hassell's pro se status, the court briefly addresses some of the defendants' remaining arguments. See Hassell, 2024 WL 1007843, at *3-5 (addressing the defendants' additional arguments for dismissal despite concluding that the Rooker-Feldman doctrine applied).

II.   Younger Abstention

Judge Derby argues that although the state-court proceeding about which Hassell complains resulted in a final judgment, Younger abstention applies to the extent that any of Hassell's claims could be construed as challenging ongoing post-judgment collection activities. See Younger v. Harris, 401 U.S. 37 (1971). Younger embodies a "strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). Abstention under Younger is appropriate when the requested relief "would interfere (1)

---

[5] To the extent that Hassell argues that he can avoid the application of the Rooker-Feldman doctrine and other defenses by arguing that the Circuit Court did not have personal jurisdiction over him or the process or service was insufficient in the underlying proceeding, he has waived these arguments by failing to raise them within 30 days after service in the Circuit Court and failing to appeal them to the New Hampshire Supreme Court. See Rules of the Circuit Court of the State of New Hampshire – District Division 3.9(e); In re J.M., 177 N.H. 142, 145-46 (2024).

[6] As Magistrate Judge Johnstone noted in a previous case involving Hassell in which she recommended dismissal based on the application of the Rooker-Feldman doctrine, the fact that "Hassell also seeks damages as a result of the state court decisions, rather than just an order reversing those decisions, does not insulate his complaint from the effects of Rooker-Feldman." Hassell v. Kimbark, No. 23-CV-472-JL, 2024 WL 1007843, at *3 n.4 (D.N.H. Feb. 14, 2024) (citing Sinapi v. Rhode Island Bd. Of Bar Examiners, 910 F.3d 544, 549 (1st Cir. 2018)), report and recommendation adopted, No. 23-CV-472-JL, 2024 WL 1374900 (D.N.H. Apr. 1, 2024).

6

with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge." Rossi v. Gemma, 489 F.3d 26, 34–35 (1st Cir. 2007). Here, any ongoing state proceeding involves writs of execution after the entry of a default judgment in a debt collection. That state court proceeding implicates the important state interest of the state's ability to enforce its own orders. Hassell has had an adequate opportunity to raise the same issues in the state case and to appeal any adverse orders to the New Hampshire Supreme Court. This satisfies all of the elements of the Younger test. Thus, the court abstains from interfering with the underlying court proceedings to the extent that Hassell challenges ongoing collection activities arising from those proceedings. See, e.g., Sepehry-Fard v. Dep't Stores Nat'l Bank, No. 13-CV-03131-WHO, 2013 WL 5537126, at *4 (N.D. Cal. Oct. 4, 2013) (abstaining from hearing claims arising out of debt collection case under Younger), aff'd in part, 670 F. App'x 573 (9th Cir. 2016); Young v. Town Line Vill. Coop., Inc., No. 23-CV-539-SE-TSM, 2023 WL 8807499, at *2 (D.N.H. Dec. 20, 2023), appeal dismissed, No. 24-1014, 2024 WL 3289385 (1st Cir. Mar. 27, 2024).

III.   Judicial Immunity

Judges have "absolute immunity from civil liability for any normal and routine judicial act," regardless of the legal theory behind any particular claim. Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (citing Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). Hassell argues, in essence, that Judge Derby is not entitled to judicial immunity because Judge Derby's rulings and actions violated Hassell's rights. That is not the standard. "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of

7

grave procedural errors." Stump, 435 U.S. at 359. In consequence, judicial officers "are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Id. at 356. Indeed, "judicial immunity applies with full force where a judicial officer is alleged to have conspired with other, non-judicial defendants to violate a plaintiff's constitutional civil rights." Dominic v. Goldman, 560 F. Supp. 3d 579, 586 (D.N.H. 2021) (citing Dennis v. Sparks, 449 U.S. 24, 30-31 (1980)).

Here, Hassell's claims against Judge Derby arise out of his rulings and alleged conduct in Hassell's state court case. As such, Judge Derby is entitled to immunity and the claims against him are dismissed pursuant to Rule 12(b)(6).

IV.   Failure to State Claims

In addition to the bases above, Hassell's claims against Velocity and Niederman are subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[7]

   A.   Constitutional Claims

To the extent that Hassell intended to allege that Velocity and Niederman violated his constitutional rights, those claims cannot proceed because constitutional protections apply only against actions by state actors. 42 U.S.C. § 1983; Goldstein v. Galvin, 719 F.3d 16, 24 (1st Cir. 2013); see also HippoPress, LLC v. SMG, 150 N.H. 304, 308 (2003) (state action is a

---

[7] As Niederman argues, it is unclear what claims, if any, Hassell asserts against the firm. Hassell appears to argue in his objection to Niederman's motion to dismiss that he seeks to hold Niederman liable as Velocity's agent. Doc. no. 15 at 23.

prerequisite for a claim under the New Hampshire Constitution). Velocity and Niederman are private actors and Hassell has not adequately alleged any facts that could establish that they are state actors for the purpose of constitutional questions. Hassell's constitutional claims against them are dismissed for that additional reason.

B.     Remaining Claims

Hassell appears to allege that Velocity violated certain federal statutes. For example, he alleges that Velocity is liable under 15 U.S.C. § 1611 for "giving false and/or inaccurate information," 18 U.S.C. § 1001 for making false statements and using "administrative courts instead of courts of common law," and 15 U.S.C. § 1681, the Fair Credit Reporting Act, for alleged misrepresentations. Doc. no. 1, ¶¶ 23, 29, 33, 34. However, Hassell offers only vague allegations and does not identify any specific false statements that Velocity purportedly made. Therefore, those claims are all dismissed.

Hassell also appears to allege that Velocity violated the Fair Debt Collections Practices Act (FDCPA). To recover under the FDCPA, plaintiffs must show that "(1) they have been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the Act." Estes v. ECMC Grp., Inc., 565 F. Supp. 3d 244, 261 (D.N.H. 2021) (quotations omitted). Hassell's complaint contains only conclusory allegations concerning any of these elements.[8] His allegations are insufficient to allege a plausible claim for relief. Sepehry-Fard, 2013 WL 5537126, at *6 (dismissing FDCPA

---

[8] For example, Hassell alleges that Velocity used "coercion and intimidation" to collect a debt, that he does not actually owe any money, and that he is actually the creditor and Velocity is the debtor. See doc. no. 1 at 28-29. He offers no facts to support those allegations.

9

claim where the plaintiff alleged in conclusory fashion that the defendants "were not the true holders of the debt" and alleged a "vague claim that he was 'harassed and oppressed' in connection with debt collection" activity).

Conclusion

For the foregoing reasons, the plaintiff's motion to strike (doc. no. 21) is denied and the defendants' motions to dismiss (doc. nos. 5, 16, 17) are granted. All other pending motions are denied as moot. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED

_____
Samantha D. Elliott
United States District Judge

March 3, 2026

cc: Matthew-Lane Hassell, pro se
     Counsel of Record.